```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF KENTUCKY
               NORTHERN DIVISION AT COVINGTON
```

CIVIL ACTION NO.: 2:17-cv-49 (WOB-CJS)


ALLSTATE INSURANCE COMPANY                          PLAINTIFF


v.            MEMORANDUM OPINION AND ORDER


CHRISTA RUBER HAMM, ET AL.                          DEFENDANTS


This matter is before the Court on defendants' Proposed Judgment (Doc. 134) and Bill of Costs (Doc. 135), plaintiff's objections thereto (Doc. 136), and defendants' response (Doc. 138). The Court has reviewed this matter and concludes that oral argument is not necessary.

### *Procedural Background*

On March 23, 2020, this Court entered a Memorandum Opinion and Order granting summary judgment in defendants' favor in nearly all material respects. (Doc. 133).

Specifically, the Court held that: (1) defendants Hamm and Worthington were entitled to summary judgment on Allstate's claims that they breached their contracts for non-solicitation and confidentiality; (2) defendant Hamm was entitled to summary judgment in her favor on her counterclaim against Allstate for breach of contract based upon Allstate's failure to pay Hamm the

entire amount owed her under the termination payment provision (TPP) of their agreement[1]; (3) Allstate was entitled to summary judgment on Hamm's counterclaim for breach of the implied covenant of good faith and fair dealing; and (4) defendants were entitled to summary judgment on Allstate's remaining claims for violation of trade secret statutes, tortious interference, and unfair competition.

The Court ordered that defendant Hamm submit a proposed judgment and permitted plaintiff to file any objections thereto. (*Id.* at 32).

The proposed judgment and defendants' bill of costs are now before the Court, along with Allstate's objections.

### *Analysis*

A. **Prejudgment Interest**

The Court first notes that Allstate does not dispute that Hamm is entitled to recover the balance of the TPP payments in the amount of $112,013.44 as damages on her breach of contract counterclaim. (Doc. 136-1 at 3).

Allstate asserts, however, that prejudgment interest on that sum is improper because those damages are not "liquidated" under

---

[1] The Court held that defendants Worthington and WIG could not maintain this counterclaim, however, because they were not parties to the contract containing the TPP provision. (Doc. 133 at 20 n.11).

2

Kentucky law and damages in the case were "hotly contested." This argument is not well taken.

"The longstanding rule in [Kentucky] is that prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *State Farm Auto. Ins. v. Norcold, Inc.*, 143 F. Supp.3d 586, 589 (E.D. Ky. 2015) (quoting *3D Enter. Contracting Corp. v. Louisville and Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005)).

"Liquidated claims are 'of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards or value, or can be determined by reference to well-established market values.'" *Id.*

Determination of the amount Allstate owes Hamm for the remaining TPP payments is a matter of "mere computation." *Id.* It has never been disputed that the total amount Allstate owed Hamm under the TPP was $244,392.83, and that it previously paid her $132,379.39. Simple subtraction yields a balance of $112,013.44. It does not get much more "liquidated" than that.

And, the fact that Allstate denied liability for Hamm's breach of contract counterclaim, even if in good faith, does not affect the propriety of awarding prejudgment interest. *See Norcold*, 143 F.Supp.3d at 590 ("Therefore, it appears that the great weight of

3

authority, and long-standing precedent from Kentucky's highest court, teaches that a denial of liability will not affect the right to prejudgment interest on a liquidated claim.").

The only damages which were contested were the alleged damages flowing from *Allstate's* unsuccessful breach of contract claim against Hamm and Worthington for their alleged solicitation of customers and use of confidential information. But that is entirely separate from the measure of damages on Hamm's breach of contract counterclaim based on the TPP payments.

The Court thus concludes that an award of prejudgment interest at the statutory rate of 6% on Hamm's damage award is proper. *See* KRS 360.040.

### B. "Prevailing Party" Under Rule 54

Allstate next asserts that defendants cannot claim "prevailing party" status under Fed. R. Civ. P. 54(d), which allows for an award of costs.

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "creates a presumption in favor of awarding costs. *Knology, Inc. v. Insight Commc'ns Co.*, 460 F.3d 722, 726 (6th Cir.2006) (quoting *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir.2001)).

4

In *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001), the Supreme Court held that a plaintiff is a "prevailing party" when he receives "at least some relief on the merits of his claim," even nominal damages. The *Buckhannon* court also decided that for a party to be "prevailing" there must be a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605.

Allstate argues that defendants are not the "prevailing parties" because the Court awarded Allstate summary judgment on defendant Worthington and WIG's counterclaim for breach of contract, as well as on Hamm's counterclaim for breach of the covenant of good faith and fair dealing.

Allstate elevates form over substance. Defendants prevailed in every material respect: defendants obtained summary judgment on Allstate's claims that they breached their non-solicitation and confidential information contracts, as well as on Allstate's claim for tortious interference, misuse of trade secrets, and unfair competition. The fact that Allstate obtained summary judgment against Worthington and WIG was simply because they were not signatories to the contract in question; in short, a paper victory.

Hamm, in turn, not only successfully defended against all claims asserted against her, but she also prevailed on the most important part of the case: her entitlement to the remaining TPP payments that Allstate had withheld. Summary judgment against her

5

on the alternative theory of breach of the covenant of good faith and fair dealing detracted nothing from her success on her breach of contract counterclaim.

Defendants, thus, received not just some of the relief they sought, but essentially all the relief they sought, and it came as a result of a judicial ruling that altered their legal relationship.

Defendants are thus, unquestionably, the "prevailing parties," and an award of costs under Rule 54 is warranted.

The Court also concludes that the bill of costs submitted by defendants is reasonable and recoverable under 28 U.S.C. § 1920. Allstate's argument that these costs should be "apportioned" according to the claims on which defendants prevailed is unavailing because, as the Court has noted, defendants prevailed in all material respects and obtained the full relief they sought. Further, the costs sought are relatively modest given the protracted nature of this litigation.

Finally, Allstate asserts that the proposed judgment is "materially misleading" because it recites that summary judgment was entered in defendants' favor but does not mention that Allstate was successful in two respects: that Worthington and WIB did not succeed on the breach of contract counterclaim, and Hamm did not succeed on her counterclaim for breach of the implied covenant of

6

good faith and fair dealing. The Court will include such points in the judgment that will enter concurrently herewith.

### C. Post-Judgment Interest

As a final matter, the Court notes that the parties have not correctly identified the source of post-judgment interest.

Although pre-judgment interest is governed by state law, post-judgment interest on judgments obtained in federal court is governed by 28 U.S.C. § 1961, which provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Thus, the appropriate post-judgment interest rate on Hamm's judgment is not the 6% included in the parties' proposed judgments, but rather 0.16%, the above rate for the week ending May 22, 2020. See http://jnet.ao.dcn/financial-management/accounting/post-judgment-interest-rates.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that: (1) a judgment in accord with the above analysis shall enter concurrently herewith; and (2) defendants' bill of costs (Doc. 135) be, and is hereby, **GRANTED.**

7

This 27th day of May 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge